### Lewis DeBard *v.* Joshua Owings.

**Landlord and Tenant.**

> A tenant at the expiration of his lease has a lien on the ground for his improvements, where they were erected by the tenant at the instance of the lessor with the express agreement that he was to pay for them at the end of the term.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 27, 1877.

Opinion by Judge Pryor:

The construction given the terms of the lease by the court below is not authorized by either the letter or spirit of that instrument. It never was contemplated by the parties that the lessee was to have a perpetual lease of the ground in the event of his holding over. The evident meaning of the contract is that if the lessee sublet the premises during the term the priviledge to take them was with the lessor, and at the end of ten years the lease expired with the obligation on the part of the lessor to pay the value of the building. It was as much the duty of the lessee to require a settlement of this value by arbitration as that of the lessor, and the occupancy of the tenant after the expiration of the lease made him a tenant from year to year. The legal title is in the appellant, and his right to recover is unquestioned.

The appellee had, however, an equitable defense, that is, he had a lien on the ground for his improvements, as they were erected by the tenant at the instance of the lessor with the express agreement that he was to pay for them at the end of the term. A demand was made for the possession, or notice given that possession would be

required, and the fact that no payment had been made for the building did not divest either the original lessor or his assigns of title. The case being in equity, the original or interlocutory judgment was proper, although the appellee had failed to ask compensation for his improvements. Upon the return of the case the appellee should be allowed to amend and set up by way of defense his equitable claim to the building or its value, and the chancellor, when ascertaining what this is, should subject the property to its payment in the event of the failure on the part of the appellant to pay the value as fixed by the judgment. The tenant holding over, and the appellant having received the annual rent as fixed by the lease, should be credited by this annual sum on the value of the improvements, and when this is done, the balance will be the amount appellee is entitled to recover. The value of the building at the date when the commissioner takes his proof is the criterion. The enhanced value of the premises by reason of the building is not the true test, as the lessor agrees expressly to pay the value at the expiration of the ten years; but as this part of the contract was not complied with by either party and no arbitration had, and as the lessee is charged with only the amount of the rent fixed by the lease, it is just and equitable that the value of the building in the condition it is in when reference is made to the commissioner or proof taken, should be the criterion of recovery less the rent.

This case is in equity, and although the bill of evidence may not be properly filed, there is enough in the case to show the character of the holding by the appellee. His own pleading, with the exhibition of the lease, and the admission by him of the payment of rent to the appellant, is enough to authorize the chancellor to grant the relief. Nor do we determine that there is no bill of evidence in the case.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Peters & Brock, O. S. Tenny, for appellant.*

*Apperson & Reid, for appellee.*